UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASTE ACTION PROJECT,

    Plaintiff,

  v.

PUGET SOUND RECYCLING, LLC,

    Defendant.

Case No. C07-0698L

ORDER GRANTING MOTION TO ENFORCE CONSENT DECREE

        This matter comes before the Court on plaintiff's motion to enforce the consent decree. Ten days after plaintiff filed the motion, defendant finally tendered the payment due under the consent decree. To the extent that plaintiff sought an order compelling defendant to comply with its obligations, that issue is now moot.

        Plaintiff's motion also sought an award of costs and attorney's fees incurred as a result of filing this motion. Although defendant eventually complied with the consent decree, its payment was made approximately five months after it was due. Paragraph 8 of the consent decree provides for an award of attorney's fees:

> In the event of any dispute regarding implementation of or compliance with the Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties. Any party may initiate dispute resolution by serving written notice of a request for dispute resolution. If no resolution is reached within fourteen (14) days from the date that notice of the dispute is served, the parties may resolve the dispute by filing motions with the Court. In the event a motion is made in this Court to enforce the terms

ORDER GRANTING MOTION
TO ENFORCE CONSENT DECREE - 1

of this Decree, the prevailing party shall be entitled to its reasonable costs of litigation related to enforcement of the decree, including reasonable attorney and expert witness fees, so long as an award of such costs of litigation does not result in manifest injustice.

Consent Decree (Dkt. #13) at pp. 4-5.

The Court finds that an award of attorney's fees and costs is appropriate. Plaintiff complied with the decree's notice provision. Plaintiff's counsel sent a letter to defense counsel requesting a meeting. Rather than addressing defendant's non-compliance or agreeing to meet, defense counsel filed a motion to withdraw as counsel. Plaintiff appropriately waited three weeks after sending the letter before moving to enforce the consent decree. In addition, there is no evidence that an award of fees and costs would result in manifest injustice. Rather, it would be unjust to require plaintiff to shoulder the costs it incurred solely as a result of defendant's months-long non-compliance. Defendant's failure to fulfill its obligations or to engage in informal dispute resolution forced plaintiff to file this motion. Finally, defendant has not opposed this motion, which the Court considers to be an admission that the motion has merit. Local Rule 7(b)(2).

Accordingly, plaintiff's motion to enforce the consent decree (Dkt. #15) is GRANTED. The Court awards plaintiff its reasonable attorney's fees and costs incurred in filing this motion. Within twenty days of the date of this order, plaintiff's counsel shall file a statement of those fees and expenses, including a declaration from counsel describing the work performed, the hourly rate, and the fees and costs sought.

DATED this 16th day of October, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO ENFORCE CONSENT DECREE - 2